JOE SHIELDS IN PRO PER
16822 Stardale Lane
Friendswood, Texas 77546
Phone: 281-482-7603

United States Courts
Southern District of Texas
FILED

MAY 16 2018

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE SHIELDS | ) | CIVIL ACTION No. _____ |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | COMPLAINT FOR CIVIL DAMAGES |
| GAWK INC., SCOTT KETTLE | ) | AND PERMANENT INJUNCTIVE |
| INDIVIDUALLY AND KENNEDY WEAVER | ) | RELIEF |
| INDIVIDUALLY | ) | |
| | ) | |
| Defendants | ) | JURY TRIAL REQUESTED |

ORIGINAL COMPLAINT

Plaintiffs Joe Shields brings this action under the Telephone Consumer Protection Act (hereinafter TCPA), 47 U.S.C. §227, (1991), the Code of Federal Regulations (hereinafter CFR) implementing the TCPA, 47 CFR §64.1200 and Texas Business and Commerce Code (hereinafter "TB&CC") §305.053 to obtain statutory civil damages, treble damages, permanent injunctive relief and all other equitable relief the Plaintiff is entitled to.

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 47 U.S.C. §227(b)(3) and 28 USC §1357. Federal Courts have federal question jurisdiction, 28 USC §1331, because this case is about a cause of action created by a federal statute

namely 47 U.S.C. §227(b)(3). Federal Courts have federal jurisdiction, 28 USC §1357, because this case is about an injury to a person under an Act of Congress namely 47 U.S.C. §227.

2. Venue is proper in this District under 28 USC §1391(b)(2) because all or a substantial part of the events or omissions giving rise to the stated claim(s) occurred in Harris County, Texas.

## ARTICLE III STANDING

3. Plaintiff has suffered concrete injuries through the initiation of an unsolicited and unauthorized robocalls to Plaintiff's cellular telephone number(s). Any call that uses an artificial or prerecorded voice (hereinafter "robocall") negatively affects Plaintiffs privacy regardless of whether Plaintiff pays for every individual call or for unlimited calls. The Defendant's unsolicited and unauthorized robocalls invaded Plaintiffs privacy, caused Plaintiff to waste precious time in responding to audible cell phone alerts and used up space on Plaintiffs limited voicemail system. Plaintiff's concrete injuries are redressable by rulings of this Court to grant damages and injunctive relief.

## PLANTIFF

4. Plaintiff is an individual residing in Harris County, Texas. Plaintiff is a cellular telephone subscriber in area code 281 which is in this courts district. Prior to the events complained about, Plaintiff and/or Plaintiff's family members did

not request or agree to contact of any kind with the Defendants or anyone acting in concert with any of the Defendants.

5. Plaintiff's cellular telephone number is 281-70X-XXXX which has been assigned to him since March 15th, 2013. Plaintiff has never submitted his cellular telephone number on any web site. Only Plaintiff's family and friends are provided with Plaintiff's cellular telephone number. Plaintiff's spouse's cellular telephone number is 281-46X-XXXX. Plaintiff's spouse has never submitted her cellular telephone number on any web site. Only Plaintiff's family and friends are provided with Plaintiff's spouse's cellular telephone number. The wireless account is in Plaintiff's name.

## DEFENDANTS

6. Gawk Inc. (hereinafter "Gawk") is a Nevada corporation with headquarters in California. The Defendant Gawk may be served by serving their Nevada registered agent VCorp Services, LLC located at 701 South Carson Street, Suite 200 in Carson City, Nevada 89701.

7. At all times Scott Kettle (hereinafter "Kettle") has had full control over the day to day operations of Defendant Gawk. Defendant Kettle approves, authorizes and participates in the installation, configuration and operation of the automatic dialing system(s) of Gawk. As Chairman and CEO Defendant Kettle may be served by serving any of the Defendant Kettle' employees at the

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

Gawk corporate headquarters at 5300 Melrose Avenue, Suite 42, Los Angeles, California 90038.

8. The Defendant Kennedy Weaver (hereinafter "Weaver") is a client of the Defendant Gawk and works in concert with the Defendant Gawk to make telephone calls using an artificial or prerecorded voice. Defendant Weaver may be served at his residence at 9902 Murray Landing, Missouri City, Texas 77459.

DEFENDANT'S BUSINESS PRACTICES

9. The Defendant Gawk operates a robocalling service whereby Gawk acting in concert with their clients makes telephone calls that use an artificial or prerecorded voice, commonly referred to as robocalls, to landline and mobile telephone numbers throughout the nation. The Defendant Gawk claims that their robocalling system can make in excess of 10,000 robocalls per minute and more than 15 million robocalls a day. Not surprisingly, Defendant Gawk made an unwanted and unauthorized robocall which advertised and promoted its own stock which targeted Plaintiff' 281-46X-XXX cellular telephone number.

10. The Defendant Gawk, according to its own website, brags about making millions of robocalls to recipients throughout the nation including cellular telephone numbers in Texas. Defendant Kettle routinely brags about Defendant Gawk's robocall service in business announcements located on their web site at gawk.com/announcements. For example, in a February 15th 2017

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

announcement Defendant Kettle bragged about forcing mobile users to listen to Defendant Gawk's voicemail robocalls: "…in order to learn who it is from and what it is about." Additionally, Defendant Gawk claims its clients can target more than 327 million cell phone numbers.

11. Defendant Weaver acting in concert with Defendant Gawk made shady "free cash offers for your house" robocalls throughout this district specifically targeting neighborhoods flooded by hurricane Harvey.

12. The Defendant Gawk and their client Defendant Weaver falsely claim that "ringless[1]" voicemail a/k/a delivering robocalls to voicemail services without prior express consent of the recipient is exempt from the TCPA. There is no ringless voicemail exemption in the TCPA. Neither has the FCC created a "ringless" voicemail exemption. Further, Congress specifically singled out robocalls to voicemail for the TCPA to regulate. See S. Rep. No. 102-178, at page 2 and Footnotes page 4(1991). Consequently, it is the making of the robocall that violates the TCPA not on how the robocall is received.

13. Defendant Gawk erroneously believes its "ringless" voicemail can ignore state and federal do not call lists. In a

---

[1] "Ringless" is disingenuous as a cellphone issues two series of ringtones when a voicemail is received. One set of rings is for a missed call the other set of rings is for receipt of a voicemail.

recent FCC comment period on a 2017 petition to exempt "ringless" voicemail from the TCPA tens of thousands of individual consumers vehemently voiced their disgust at the attempt to neuter the TCPA. In the face of the many negative comments and the undeniable fact that the TCPA does apply all to robocalls, regardless of how the robocall is received, the petition was withdrawn. The same result occurred with a similar petition in 2014.

## The TCPA

14. The TCPA prohibits the making of any telephone call using an artificial or prerecorded voice to cellular telephone numbers without prior express consent of the called party or an emergency purpose. See 47 U.S.C. §227(b)(1)(A)(iii) and 47 CFR §64.1200(a)(1)(iii). Artificial or prerecorded voice calls to cellular telephone numbers made without prior express consent of the called party are an invasion of the called party's privacy, a quantifiable and actionable injury under the TCPA. The prohibition on artificial or prerecorded voice calls without the called parties consent applies to all artificial or prerecorded voice calls regardless of how the call is received. There are two exemptions for robocalls to cellular telephone numbers – prior express consent of the called party or an emergency purpose. There are no other robocall to cellphones exemptions.

15. In addition, the TCPAs prohibition on artificial or prerecorded voice calls without consent of the called party or an

6 of 14
COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

emergency purpose applies to all calls regardless of content or purpose. Unsolicited artificial or prerecorded voice calls to cell phones are extremely intrusive and a threat to safety when they distract a driver, someone operating heavy equipment or someone responsible for the operation of sensitive equipment. Consequently, there is no exemption for the artificial or prerecorded voice calls made by the Defendants.

## TEXAS BUSINESS AND COMMERCE CODE

16. TB&CC §305.053 provides for a separate private right of action for the receipt of a communication which violates **any** of the rules of the TCPA or **any** provision under the CFR implementing the TCPA. Prerecorded message calls made to cellular telephone numbers without prior express consent of the called party or an emergency purpose are an invasion of the called party's privacy a quantifiable and actionable injury under TB&CC §305.053. The Texas Statute prohibition on artificial or prerecorded voice calls without consent of the called party or an emergency purpose applies to all calls regardless of content or how the call is received.

## VIOLATIONS OF THE TCPA

17. Plaintiff realleges and incorporates the allegations above as though fully set forth herein.

Count I

18. On July 13th, 2017 at 9:47 a.m. The Defendant Gawk made an unsolicited and unauthorized robocall to Plaintiff's cellular telephone number 281-46X-XXXX.

19. The Defendant Gawk did not have prior express written consent from Plaintiff or any family member of the Plaintiff for the Defendant Gawk to make an unsolicited and unauthorized robocall to Plaintiff's cellular telephone number 281-46X-XXXX. Thus the making of such artificial or prerecorded voice call is a violation of 47 U.S.C. §227(b)(1)(A)(iii) and 47 CFR §64.1200(a)(1)(iii).

## Count II

20. On July 13th, 2017 at 9:47 a.m. the Defendant Gawk initiated a telemarketing call to Plaintiff's 281-46X-XXXX telephone number. The telemarketing call advertised and promoted Defendant Gawk's stock. The 281-46X-XXXX number is and was on the National do-not-call list at the time the telemarketing call was made.

21. The Defendant Gawk did not have prior express written consent from Plaintiff or any family member of the Plaintiff for the Defendant Gawk to make a telemarketing call to telephone number 281-46X-XXXX. Thus the making of such telemarketing call is a violation of 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. §64.1200(c)(2).

## Count III

22. On February 13th, 2018 at 7:31 p.m. The Defendants Gawk and Weaver acting in concert made an unsolicited and unauthorized robocall to Plaintiff's cellular telephone number 281-70X-XXXX.

23. The Defendants did not have prior express consent from Plaintiff for the Defendants to make an artificial or prerecorded voice call to Plaintiff's cellular telephone number 281-70X-XXXX. Thus the making of such artificial or prerecorded voice call is a violation of 47 U.S.C. §227(b)(1)(A)(iii) and 47 CFR §64.1200(a)(1)(iii).

## Count IV

24. On February 13th, 2018 at 7:31 p.m. The Defendants Gawk and Weaver acting in concert made a telemarketing call to Plaintiff's cellular telephone number 281-70X-XXXX. The telemarketing call advertised and promoted a service that specialized in buying homes from those in financial distress. The 281-70X-XXXX number is and was on the National do-not-call list at the time the telemarketing call was made.

25. The Defendants did not have prior express written consent from Plaintiff for the Defendants to make a telemarketing call to Plaintiff's cellular telephone number 281-70X-XXXX. Thus the making of such telemarketing call is a violation of 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. §64.1200(c)(2).

## VIOLATIONS OF THE TB&CC

## Count V

26. On July 13th, 2017 at 9:47 a.m. The Defendant Gawk made an unsolicited and unauthorized robocall to Plaintiff's cellular telephone number 281-46X-XXXX.

27. The Defendant did not have prior express consent from Plaintiff or any family member of the Plaintiff for the Defendant Gawk to make an artificial or prerecorded voice call to Plaintiff's cellular telephone number 281-46X-XXXX. Thus the making of such artificial or prerecorded voice call is a violation of 47 U.S.C. §227(b)(1)(A)(iii) and 47 CFR §64.1200(a)(1)(iii).

## Count VI

28. On July 13th, 2017 at 9:47 a.m. The Defendant Gawk made a telemarketing call to Plaintiff's telephone number 281-46X-XXXX. The telemarketing call advertised and promoted Defendant Gawk's stock. The 281-46X-XXXX number is and was on the National do-not-call list at the time the telemarketing call was made.

29. Defendant Gawk did not have prior express written consent from Plaintiff or any family member of the Plaintiff for the Defendant Gawk to make a telemarketing call to Plaintiff's cellular telephone number 281-46X-XXXX. Thus the making of such artificial or prerecorded voice call is a violation of 47 U.S.C. §227(c)(3)(F) and 47 C.F.R. §64.1200(c)(2).

## Count VII

30. On February 13th, 2018 at 7:31 p.m. The Defendants Gawk and Weaver acting in concert made an unsolicited and unauthorized robocall to Plaintiff's cellular telephone number 281-70X-XXXX.

31. The Defendants did not have prior express consent from Plaintiff for the Defendants to make an artificial or prerecorded voice call to the cellular telephone number 281-70X-XXXX. Thus the making of such artificial or prerecorded voice call is a violation of TB&CC §305.053.

## Count VIII

32. On February 13th, 2018 at 7:31 p.m. The Defendants Gawk and Weaver acting in concert made a telemarketing call to Plaintiff's cellular telephone number 281-70X-XXXX. The telemarketing call advertised and promoted a service that specialized in buying homes from those in financial distress. The 281-70X-XXXX number is and was on the National do-not-call list at the time the telemarketing call was made.

33. There was no prior express written consent from the Plaintiff for the Defendants to initiate the telemarketing call to Plaintiff's telephone number 281-70X-XXXX. Thus the making of such telemarketing call is a violation of TB&CC §305.053.

## APPLICABLE TO ALL COUNTS

34. Plaintiff has suffered actual damages for the artificial or prerecorded voice call to Plaintiff's cellular telephone number. The TCPA and TB&CC each state that an individual may bring a civil

action against a person who violates the TCPA for actual or statutory damages for **each** violation of the TCPA. See 47 U.S.C. §227(b)(3) and TB&CC §305.053. Consequently, Plaintiff hereby seeks statutory damages of $500.00 for each violation of the TCPA and $500.00 for each violation of the TB&CC. Thus, Plaintiff seeks $4,000.00 for counts I (1) through count VIII (8) for violations of the TCPA and the TB&CC.

35. Plaintiff additionally alleges that the violations of the TCPA and TB&CC committed by the Defendants were done willfully and/or knowingly. Certainly, the fact that the Defendants falsely claim that their robocalls are exempt from the TCPA exemplifies specific knowledge of the TCPA. This is a perfect example of willfully and/or knowingly attempting to circumvent the TCPA. Pursuant to 47 U.S.C. §227(b)(3) and TB&CC §305.053(c) Plaintiff seeks additional damages in an amount determined by the Court to be equal to treble the amount found by the Court in accordance with Paragraph 28 hereof.

## PERMANENT INJUNCTIVE RELIEF

36. An injunction is a matter of law pursuant to 47 U.S.C. §227(b)(3)(A) and TB&CC §305.053. Plaintiff and members of the public will benefit from injunctive relief. Plaintiff alleges that Defendant Gawk under the control of Defendant Kettle and acting in concert with Defendant Weaver will continue the invasion of

Plaintiff's and members of the public privacy with their unsolicited and unauthorized robocalls.

37. Plaintiff alleges that Defendants Gawk under the control of Kettle and acting in concert with Defendant Weaver will continue to irreparably harm Plaintiff and others by continuing to make unsolicited and intrusive artificial or prerecorded voice calls to Plaintiffs' and other members of the public's cellular telephone numbers without prior express consent of the called party.

38. Consequently, Plaintiff, pursuant to 47 U.S.C. §227(b)(3)(A) and TB&CC §305.053 seeks a permanent injunction barring the Defendants Gawk Inc., Scott Kettle and Kennedy Weaver from:

    a. Making or assisting, facilitating, permitting or causing artificial or prerecorded voice calls to be made to the cellular telephone numbers of members of the public without 1st obtaining prior express consent of the recipient of the call.

    b. Making or assisting, facilitating, permitting or causing artificial or prerecorded voice calls to a called party's voicemail service associated with a cellular telephone number without the prior express consent of the called party.

    c. Making or assisting, facilitating, permitting or causing telemarketing calls to a called parties voicemail

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

service or answering machine without prior express written consent of the called party when the called party's telephone number is listed on the National do-not-call list.

d. Making or assisting, facilitating, permitting or causing telemarketing calls to any telephone number that is listed on the National do-not-call list regardless of how the call is received.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff prays that the Defendants be cited to appear and answer herein and that upon trial hereof Plaintiff recover a judgment of and from the Defendants for his damages as allowed by law, treble damages, as allowed by law, permanent injunctive relief as allowed by law, all costs of court and for all such other and further relief, at law and in equity, to which Plaintiff may show himself justly entitled.

_____

Joe Shields
Plaintiff Pro Per
16822 Stardale Lane
Friendswood, Texas 77546
Home: 281-482-7603