United States Courts
Southern District of Texas
FILED

MAR 2 0 2019

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE SHIELDS | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CIVIL ACTION No. 3:18-CV-00150 |
| | ) |
| GAWK INC., SCOTT KETTLE | ) |
| INDIVIDUALLY AND KENNEDY WEAVER | ) |
| INDIVIDUALLY | ) |
| | ) |
| Defendants | ) |

### 1st AMENDED MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT KENNEDY WEAVER

Comes now Plaintiff Joe Shields and respectfully requests that this court grant Plaintiff's Motion for Summary Judgment as to the Defendant Kennedy Weaver.

The Defendant Kennedy Weaver (hereinafter "Defendant Weaver") has filed an appearance with the Court but has failed to plead or otherwise defend. Consequently, all of the facts in Plaintiff's complaint must be taken as true per FRCP 56(e)(2) and a judgment must be entered against the Defendant Weaver pursuant to FRCP 56(e)(3).

The Telephone Consumer Protection Act (hereinafter "TCPA") prohibits the making of artificial or prerecorded voice calls to cell phone numbers without prior express consent of the called party or an emergency purpose. See 47 U.S.C. §227(b)(1)(A)(iii) and 47 CFR §64.1200(a)(1)(iii). Texas State Law also prohibits the

making of robocalls to cell phone numbers without prior express consent of the called party. See Texas Business and Commerce Code (hereinafter "TB&CC") §305.053. In addition, both statutes prohibit telemarketing calls to telephone numbers on the National do-not-call list without prior express written consent of the called party. See 47 U.S.C. §227(c)(3)(F), 47 C.F.R. §64.1200(c)(2) and TB&CC §305.053.

Plaintiff's cell phone number 281-704-8697 was assigned to him by his carrier on July 16th, 2014. Plaintiff has never provided prior express consent to any entity to make robocalls to his cell phone number. Further, Plaintiff's cell phone number was submitted to the National do-not-call list within 24 hours after being assigned the 281-704-8697 telephone number. See Exhibit #1. Plaintiff has never provided prior express written consent to any entity to make telemarketing calls to his 281-704-8697 cell phone number.

On or about February 13th, 2018 at 07:31 p.m. the Plaintiff's cell phone rang not once but twice. Plaintiff responded to the multiple rings and noticed a "missed call" and a "new voice mail call" status indicator on his cell phone. See Exhibit #2 Robocall Transcript and Caller Identification.

Upon further investigation, the Plaintiff determined that the robocall was an advertisement for the services of the Defendant Weaver. Apparently, Defendant Weaver was running one of the many

questionable "we buy houses" business that had sprouted up after Hurricane Harvey had flooded hundreds of thousands of homes in Harris County and the surrounding area.

The telephone number transmitted by caller ID 847-258-9991 at the time the robocall was made was assigned to the Defendant Gawk Inc. Obviously, the Defendant Weaver had hired Gawk Inc. to make robocalls on his behalf, which targeted telephone numbers in Harris County and the surrounding area including Plaintiff's cell phone number 281-704-8697. The robocall asked interested parties to call the telephone number 281-236-9343, which is a telephone number that was assigned to the Defendant Weaver at the time the robocall was made.

Plaintiff called the telephone number 281-236-9343 on February 14th, 2018 at 10:38 a.m. and spoke with the Defendant Weaver about the robocall Plaintiff had received. In the <u>recorded</u> conversation Defendant Weaver stated "…it was a recorded message from me yes." and "…it is the way we do marketing for our business." Accordingly, the Defendant Weaver made no attempt to scrub telephone numbers on the National do-not-call list or cell phone numbers from the robocall list.

Consequently, Plaintiff requests that the Court find that the Defendant Weaver is liable to the Plaintiff in the statutory sum of $2,000.00 for counts III, IV, VII and VIII found in Plaintiff's Original Complaint. Further, due to Defendant Weavers willful and

knowing behavior, Plaintiff requests that the Court treble the statutory amount to $6,000.00.

Additionally, under the TCPA and TB&CC, Plaintiff is entitled to and requests injunctive relief as a matter of law to prevent Defendant Weaver from engaging in similar behavior in the future.

Plaintiff Joe Shields respectfully requests judgment for the Plaintiff against the Defendant Weaver for the sum of $6,000.00 and an injunction against the Defendant Weaver prohibiting the Defendant Weaver from engaging in similar behavior in the future.

Respectfully submitted,

*Joe Shields*

Joe Shields
Plaintiff Pro Per
16822 Stardale Lane
Friendswood, Texas 77546
Home: 281-482-7603

Declaration

I declare under penalty of perjury that the foregoing is true and correct. Executed on 3/20/19.

*Joe Shields*
Joe Shields