United States District Court
Southern District of Texas
**ENTERED**
April 24, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOE SHIELDS | § | |
| Plaintiff. | § § § | |
| VS. | § § | CIVIL ACTION NO. 3:18–CV–00150 |
| GAWK INC.; SCOTT KETTLE; KENNEDY WEAVER | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff's 1st Amended Motion for Summary Judgment as to Defendant Kennedy Weaver ("Motion for Summary Judgment"). Dkt. 24. All dispositive motions have been referred to the undersigned by United States District Court Judge George C. Hanks, Jr. for report and recommendation. Dkt. 21. After careful consideration of the pleadings and the applicable law, the Court RECOMMENDS that the Motion for Summary Judgment be GRANTED IN PART and DENIED IN PART.

### FACTUAL BACKGROUND

Plaintiff Joe Shields ("Shields") claims that Defendant Kennedy Weaver ("Weaver") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and Section 305.053 of the Texas Business and Commerce Code when Weaver sent a non-emergency, automated call to Shields's cell phone without his consent.

Shields contends that he was assigned a cellular telephone number by his cellular service provider on July 16, 2014, and submitted this number to the National Do-Not-Call

list within 24 hours. Shields says that this phone number was never submitted on any website and only his family and friends were provided with the phone number.

On February 13, 2018, at 7:31 p.m., Shields's cell phone rang twice, but he apparently did not pick up in time. The cell phone indicated that he had missed a call and had a new voicemail message waiting. Shields then accessed the voicemail. It was a pre-recorded message from Weaver offering cash for houses in the Houston area. The voicemail instructed "interested parties to call the telephone number 281-236-9343, which is the telephone number that was assigned to the Defendant Weaver at the time the robocall was made." Dkt. 24 at 3. Shields called this number and spoke to Weaver who confirmed that "it was a recorded message from me yes" and that "it is the way we do marketing for our business." *Id.*

Shields alleges that this recorded message made to his cellular telephone number violates Section 227(b) of the TCPA because it is the use of an artificial or prerecorded voice to deliver a message without his prior express consent. *See* 47 U.S.C. § 227(b)(1)(B). Shields also contends that the call violates Section 227(c) of the TCPA because it is unlawful to make telephonic solicitations to a telephone number listed on the Do-Not-Call registry. *See id.* at § 227(c)(5); 47 C.F.R. § 64.1200(c). Shields further claims that Weaver has violated Section 305.053 of the Texas Business and Commerce Code for the same reasons Section 227(b) and 227(c) have been violated—by the making an artificial or prerecorded call to his cellular phone number, and by initiating a telemarketing call to his cellular phone number when it was on the National Do-Not-Call list. As a result of this single February 13, 2018 phone call, Shields "requests the Court find that the Defendant

Weaver is liable to [Shields] in the statutory sum of $2,000.00 . . . [f]urther, due to Defendant Weaver's willful and knowing behavior, [Shields] requests that the Court treble the statutory amount to $6,000.00." Dkt. 24 at 3–4. Shields further requests the court grant an injunction against Weaver prohibiting him from engaging in similar behavior in the future.

## SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56, a court must grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute of fact is not "material" unless its resolution would affect the outcome of the case. *See Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

The moving party bears the burden of informing the court of the basis for its belief that there is an absence of a genuine issue for trial and of identifying those portions of the record that demonstrate such absence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, all evidence and reasonable inferences made must be viewed in the light most favorable to the party opposing the motion. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Once the moving party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *See* FED. R. CIV. P. 56(e); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). The party defending against the motion for summary judgment cannot defeat the motion unless he provides specific facts that

3

demonstrate a genuine issue of material fact such that a reasonable jury might return a verdict in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent summary judgment. *See id.* at 249–50. In other words, conclusory statements, speculation, and unsubstantiated assertions will not suffice to defeat a motion for summary judgment. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996).

## PRO SE LITIGANTS

Shields and Weaver are both proceeding pro se in this case. "Despite our general willingness to construe pro se filings liberally, we still require pro se parties to fundamentally abide by the rules that govern the federal courts." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (internal quotation marks and citation omitted). When it comes to summary judgment proceedings, this means that a pro se party moving for summary judgment is required to properly present summary judgment evidence and specifically refer to this evidence in order to place it before the court. *See id.* ("Pro se litigants must properly . . . present summary judgment evidence") (internal citations omitted). Likewise, "the notice afforded by the Rules of Civil Procedure and the local rules is considered sufficient to advise a pro se party of his burden in opposing a summary judgment motion." *Howe v. Adams*, No. 3:14-CV-349, 2018 WL 1427175, at *3 (S.D. Tex. Mar. 22, 2018) (internal quotation marks and citation omitted).

In this case, the Court has bent over backwards to accommodate the pro se litigants. The Court has explained to the parties on several occasions that they need to abide by the Federal Rules of Civil Procedure—even if they are not represented by counsel. The Court

4

even held a telephonic hearing last month at which it gave Weaver extra time to respond to the Motion for Summary Judgment. Despite the Court's guidance, Weaver failed to file a response to the Motion for Summary Judgment.

Notwithstanding Weaver's failure to respond to the Motion for Summary Judgment, summary judgment may not be awarded by default "simply because there is no opposition, even if the failure to oppose violated a local rule." *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). "However, a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (citation omitted).

## ANALYSIS

### A. TCPA

To protect individual consumers from receiving intrusive and unwanted commercial telemarketing calls, Congress passed the TCPA in 1991. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). In findings supporting the legislation, Congress stated that unrestricted telemarketing can be an intrusive invasion of privacy, and that telephone subscribers consider automated or prerecorded calls (regardless of the content) to be a nuisance. *See id.* The TCPA is codified in Section 227, Title 47, of the United States Code.

Shields asserts two distinct types of TCPA claims against Weaver: (1) use of an artificial or prerecorded voice (Section 227(b)); and (2) making a telephone call to a

number on the National Do-Not-Call registry (Section 227(c)). The Court will discuss each claim separately.

### 1. Section 227(b)

Section 227(b) makes it unlawful to:

> make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii). The TCPA creates a private right of action in which a person may bring an action for a violation of Section 227(b) and the regulations prescribed under that subsection "to enjoin such violation [and/or] . . . to receive $500 in damages for each such violation." *Id.* at § 227(b)(2)(G)(3)(B). Moreover, "[i]f the court finds that the defendant willfully or knowingly violated this subsection . . . the court may . . . increase the amount of the award to an amount equal to not more than 3 times" the $500. *Id.* at § 227(b)(2)(G)(3)(C).

"The three elements of a TCPA claim [under Section 227(b)] are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system [or an artificial or prerecorded voice]; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC,* 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)). In this case, Shields has presented summary judgment evidence establishing all three elements of a Section 227(b) TCPA claim.

The uncontroverted summary judgment evidence establishes that on February 13, 2018, Weaver called Shields's cellular telephone number without his permission and left a prerecorded message. This is a clear violation of the TCPA. Shields is, therefore, entitled to summary judgment on the Section 227(b) claim. *See Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1038 (D. Minn. 2010) ("Because there is no dispute that [defendant] placed an automated call to [the plaintiff's] cellular phone on December 30, 2008 for non-emergency purposes, [Magistrate] Judge Noel found that [the plaintiff] was entitled to summary judgment on his TCPA claim.").

The Court must now address the amount of damages to award Shields for Weaver's violation of Section 227(b). Because there are no actual monetary losses incurred by Shields, the TCPA fixes his damages at $500 for each violation. *See* 47 U.S.C. § 227(b)(3)(B).

"Under the TCPA, a court may in its discretion award double or even treble damages for any 'willful or knowing' violations of § 227(b)." *Cunningham v. Greenstar Capital Sols., LLC*, No. 4:18-CV-000161-ALM-CAN, 2018 WL 4572711, at *7 (E.D. Tex. Aug. 1, 2018) (citing 47 U.S.C. § 227(b)(3)). A willful or knowing violation does "not requir[e] bad faith, but only that the person have reason to know, or should have known, that his conduct would violate the statute." *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 899 (W.D. Tex. 2001) (citation omitted). Applying that standard here, the Court is unable to conclude that Weaver willfully or knowingly violated Section 227(b). Although Shields alleges Weaver's actions were willful and knowing, "[n]o [summary judgment] evidence was presented which would support a finding that [Weaver] was more than negligent in its

TCPA violation—specifically, there was no evidence [Weaver] knowingly disregarded [Shields's] revocation of consent, nor was there any evidence [Weaver] knew or should have known [he] was violating the TCPA." *Adamcik v. Credit Control Servs., Inc.*, 832 F. Supp. 2d 744, 755 (W.D. Tex. 2011). As such, the Court finds that Shields is not entitled to treble damages for his Section 227(b) claim. He is limited to $500 for the statutory violation.

### 2. Section 227(c)

Section 227(c) directed the Federal Communications Commission ("FCC") to promulgate regulations aimed at the establishment and operation of a national database of telephone numbers of subscribers who object to receiving telephone solicitations and, further, permitted the FCC to prohibit telephone solicitations to any number in the database. *See* 47 U.S.C. § 227(c). Addressing the specific concerns expressed in Section 227(c), the FCC implemented regulations codified at 47 C.F.R. § 64.1200(c), making it unlawful for a caller to make telephonic solicitations to a telephone number listed on the National Do-Not-Call list.

Section 227(c) grants a right of private action to "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5). This language is critical, as it does not permit the recovery of damages in a private right of action for Section 227(c) violations arising out of the first call to a person within any 12-month period. "No private right of action accrues and a telemarketer is not in violation of [Section 227(c)] unless and until it telephones a party more than once in any twelve-month period

8

after the person has informed the telemarketer that he or she does not want to be called." *Charvat v. ATW, Inc.*, 712 N.E.2d 805, 807 (Ohio App. 1998). In the instant case, Shields readily acknowledges that he is only challenging a single phone call made by Weaver. Pursuant to the clear language of Section 227(c)(5), Shields is not entitled to compensation for the first telemarketing call made to him in violation of regulations promulgated under Section 227(c).[1] He would be permitted to recover for violations of Section 227(c) only if he received subsequent phone calls, but there are no such calls at issue in this case. As a result, Shields cannot prevail on his Section 227(c) claim.

**B. Section 305.053 of the Texas Business and Commerce Code**

Section 305.053 of the Texas Business and Commerce Code is coextensive with the TCPA. It provides a cause of action for violations of the TCPA, permitting a person who receives a communication that violates the TCPA to bring a claim under Texas law against the person who originated the communication. The Texas statute provides that:

> (a) A person who receives a communication that violates 47 U.S.C. Section 227 . . . may bring an action in this state against the person who originates the communication for:
> (1) an injunction;
> (2) damages in the amount provided by this section; or
> (3) both an injunction and damages.

TEX. BUS. & COM. CODE § 305.053(a).

The Court has already found that Weaver violated Section 227(b) of the TCPA. As such, the Court finds that Shields is also entitled to summary judgment on his Section

---

[1] This "more than one telephone call within any 12-month period" restriction is not found in Section 227(b). Section 227(b) allows a consumer to recover damages for the first prerecorded voice message telemarketing call.

305.053 claim based on the violation of Section 227(b). *See Morris v. Hornet Corp.*, No. 4:17-CV-00350, 2018 WL 4781273, at *9 (E.D. Tex., Sept. 14, 2018) ("Because the Court has concluded that Plaintiff is entitled to summary judgment on his TCPA claim, Plaintiff is also entitled to summary judgment on" his Section 305.053 claim.). Because, as discussed above, Shields cannot establish an actionable claim under Section 227(c), he is not entitled to prevail on his Section 305.053 claim based on the alleged Section 227(c) violation.

As far as damages are concerned, Section 305.053 provides that "[a] plaintiff who prevails in an action for damages under this section is entitled to the greater of: (1) $500 for each violation; or (2) the plaintiff's actual damages." TEX. BUS. & COM. CODE § 305.053(b). Because Shields has already been awarded $500 for Weaver's violation of Section 227(b), he is not entitled to any additional monetary damages for the corresponding violation of Section 305.053. *See Masters v. Wells Fargo Bank S. Cent., N.A.*, No. A-12-CA-376-SS, 2013 WL 3713492, at *3 (W.D. Tex. July 11, 2013) ("There is no indication in either the TCPA or in Texas's analogue that either legislative body intended to allow double recovery under both state and federal law for the same TCPA violations."); *David L. Smith & Assocs., LLP v. Stealth Detection, Inc.*, 327 S.W.3d 873, 878 (Tex. App.—Dallas 2010, no pet.) (permitting plaintiff to recover $500 per call for violations of both the TCPA and Section 305.053, awarding a total of $16,500 for 33 calls).

**C.   INJUNCTIVE RELIEF**

Both the TCPA and Section 305.053 expressly permit a private plaintiff to seek an injunction to prevent illegal telemarketing calls from continuing. *See* 47 U.S.C. §

227(b)(3); TEX. BUS. & COM. CODE § 305.053(a). To that end, Shields seeks an injunction in this case to prohibit Weaver from engaging in similar type of conduct in the future.

The legal standard for issuing a permanent injunction is "essentially the same" as for a preliminary injunction. *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987). To prevail on a permanent injunction, the movant must show: (1) actual success on the merits of its claims; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that granting the injunction is not adverse to the public interest. *See Harris Cty. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 312 (5th Cir. 1999).

When a statute authorizes injunctive relief, the presumption is that the legislative branch still intended the courts to exercise their traditional equitable discretion in deciding whether to grant an injunction. *See United States v. Marine Shale Processors*, 81 F.3d 1329, 1360 (5th Cir. 1996) ("a court of equity must exercise its discretion with an eye to the congressional policy as expressed in the relevant statute"); *Town of Huntington v. Marsh*, 859 F.2d 1134, 1143 (2d. Cir. 1988) ("injunctive relief does not follow automatically upon a finding of statutory violations" but depends on "traditional equitable principles"). Federal judges are "not mechanically obligated to grant an injunction for every violation of law," *Weinberger v Romero-Barcelo*, 456 U.S. 305, 313 (1982) (citation omitted), but rather must assess whether the relief requested comports with "what is necessary, what is fair, and what is workable," *North Carolina v. Covington*, 137 S.Ct. 1624, 1625 (2017) (citation omitted).

Weighing the equities in this case, the Court does not believe an injunction is necessary. This is because there is no evidence whatsoever that Weaver has directed—or even attempted to direct—a single robocall to Shields (or anyone else) since the February 2018 pre-recorded call complained about in this lawsuit. There is no suggestion that additional robocalls from Weaver are expected to flood the phone lines in the near future. With no imminent threat of repeated violations of the TCPA and/or Section 305.053, the Court sees little reason to invoke its equitable powers and impose permanent injunctive relief. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 394 (2006) (holding that traditional principles of equity do not contemplate the "categorical grant of [equitable] relief" upon a finding of liability).

## CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Court RECOMMENDS that the Motion for Summary Judgment (Dkt. 24) be GRANTED IN PART and DENIED IN PART, and Shields be awarded $500 in damages.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED at Galveston, Texas, this 24th day of April, 2019.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE