United States Courts
Southern District of Texas
FILED

MAY 06 2019

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE SHIELDS ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CIVIL ACTION No. 3:18-CV-00150 |
| ) | |
| GAWK INC., SCOTT KETTLE ) | |
| INDIVIDUALLY AND KENNEDY WEAVER ) | |
| INDIVIDUALLY ) | |
| ) | |
| Defendants ) | |

## PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

Comes now Plaintiff Joe Shields and respectfully files his Objections to the Magistrate Judge's Memorandum and Recommendation. Plaintiff takes issue with three points of the Memorandum and Recommendation. Plaintiff did not, as the Court claims not: "...pick up in time." Plaintiff throughout his complaint and pleadings has averred that the robocall was a ringless voicemail robocall that specifically targeted consumer's cellular telephone **voicemail** in an attempt to circumvent the Telephone Consumer Protection Act (hereinafter "TCPA").

Plaintiff was not required to revoke consent – he never gave consent to either Defendant Gawk Inc. or Weaver. Thus, there was never any legal necessity or requirement to show that Plaintiff had revoked consent.

### THE TELEMARKETING CALLS

Plaintiff's complaint is not based on a single robocall or telemarketing call. Dkt. 1. The Defendant Weaver's robocall was the 2nd telemarketing call Plaintiff had received from the Defendant's Gawk Inc. and Weaver. Defendant's Gawk Inc. and Weaver were acting in concert to make robocalls that were also telemarketing calls to cell phone voicemail. Dkt. 1 at 24 and Dkt. 24-1. Consequently, the Magistrate Judge should have recommended awarding damages under the TCPA for the 2nd telemarketing call as requested in Plaintiff's Motion for Summary Judgment.

## WILLFUL AND KNOWING

Plaintiff's Original Complaint and Motion for Summary Judgment establishes that the Defendant Weaver acted willfully and knowingly by attempting to circumvent the TCPA. See Dkt. 1 at para. 10, Dkt. 1 at para. 12 and Dkt. 25 under the "Willful and Knowing" heading.

The CEO of the Defendant Gawk Inc., one Scott Kettle, bragged about forcing mobile phone users to listen to Defendant Gawk's voicemail robocalls: "…in order to learn who it is from and what it is about." Dkt. 1 at 10. Defendant Gawk also claimed that using their service can reach 327 million cell phone numbers. Further, the Gawk Inc. web site states that their ringless voicemail is "TCPA Compliant" and one could call "everyone" with their technology. Clearly, these statements indicate that both of the Defendants, Gawk Inc. and Weaver, were well aware of the TCPA and

willfully and knowingly attempted to circumvent the TCPA with ringless voicemail technology.

Nowhere in Plaintiff's complaint or any of his pleadings was there any mention of "revocation". The Defendants never obtained consent therefore there was no legal requirement to revoke consent. Plaintiff was not required to present any evidence of revocation to the Court.

Neither is failure to honor revocation of consent a measure of willful and knowing. Therefore the *Adamcik* decision cited by the Court is not applicable here. Plaintiff Shields provided the **statutory** definition of willful. Dkt. 25 under the "Willful and Knowing" heading. That is the same statutory definition that the Federal Communications Commission ("FCC") uses.

The United States Supreme Court, in construing "willful violation" as that term is used in the Age Discrimination in Employment Act, held that an employer commits a "willful violation" of that act when it demonstrates a knowing or reckless disregard for the matter of whether its conduct was prohibited by the act. *Trans World Airlines, Inc. v. Thurston* (1986), 469 U.S. 111, 128, 83 L.Ed.2d 523. The *Thurston* court further reasoned that a violation is not willful where the employer "acted reasonably and in good faith in attempting to determine whether [its conduct] violated [the act]." Here the Defendant Weaver knew he was making robocalls to cell phone voicemail. Defendant Weaver did so because

he believed he could circumvent the TCPA by making telemarketing robocalls to cell phone voicemail. Defendant Weaver readily admitted to making the robocall to Plaintiff's voicemail as the Court acknowledged. Dkt 24 at 3.

The Federal Communications Commission (FCC) has had previous opportunities to interpret the word "willfully." Thus, for example, in *Application for Review of Southern California Broadcasting Co.*, 6 FCC Rcd. 4387 (1991) and *Liability of Midwest Radio-Television Inc*, Memorandum Opinion and Order, 45 F.C.C. 1137, 1140-41, at paragraphs 8-11 (1963), the FCC stated that a party need not have known that it was acting unlawfully to support a finding of willfulness; all that is required, held the FCC, is that the party knew that it was doing the acts in question. See, also, *Media General Cable of Fairfax County*, Notice of Apparent Liability for Forfeiture, 13 FCC Rcd 11868, 11870, at paragraph 7 (1998) ["willful" has been interpreted to means simply that "the acts or omissions are committed knowingly. It is not pertinent whether or not the … acts or omissions are intended to violate the law."] and 47 U.S.C. §312(f) ["the term 'willful', when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of this chapter (the TCPA is part of "this chapter) or any rule or regulation of the Commission authorized by this chapter …].

4 of 14
Objection to Memorandum and recommendation

The facts of the case establishes that Defendant Weaver willfully and knowingly used the services of Defendant Gawk Inc. to make robocalls to consumers cell phone voicemail in an attempt to circumvent the TCPA. Defendant Weaver knew he was making robocalls - he admitted that to the Plaintiff and his statement to that affect is in the record. Dkt. 24 at 3. Consequently the Magistrate Judge should have recommended awarding treble damages to the Plaintiff.

## INJUNCTIVE RELIEF

The above willful and knowing argument applies equally to injunctive relief. Since the Defendant Weaver attempted to circumvent the TCPA with "new" technology i.e. ringless voicemail it is imperative that an injunction be issued to reign in Defendants Weavers future attempts to circumvent the TCPA.

The Court applied an incorrect legal standard for injunctive relief where a statute expressly provides for it. *See, e.g., City of New York v. Golden Feather Smoke Shop, Inc.*, 597 F.3d 115, 121 (2d Cir. 2010) ("Requiring a party seeking a statutorily-sanctioned injunction to make an additional showing of irreparable harm, therefore, is not required." *Burlington N. R. R. Co. v. Dep't of Revenue of State of Wash.*, 934 F.2d 1064, 1074 (9th Cir. 1991) (irreparable harm to the plaintiff need not be shown when an injunction is sought based on a federal statute that specifically provides for such relief); *Illinois Bell Tel. Co. v. Ill. Commerce*

Comm'n, 740 F.2d 566, 571 (7th Cir. 1984) (same); *Capital Tool & Mfg. Co. v. Maschinenfabrik Herkules,* 837 F.2d 171 (4th Cir.1988) ("[A] complainant need not allege or prove irreparable harm when it invokes a statute that authorizes injunctive relief.").

Several courts have applied this principle to §227(b) and issued injunctions under the TCPA without requiring a showing of irreparable harm. *See J2 Global Commc'ns, Inc. v. Blue Jay Inc.,* 75 Fed. R. Serv. 3d 267, at *8 (N.D. Cal. 2009) ("The TCPA provides for injunctive relief as a remedy. Because injunctions are authorized by statute, irreparable injury need not be shown.") (internal citation omitted); *Lynn v. Monarch Recovery Mgmt., Inc.,* No. 11- CV-2824, 2013 WL 1247815, at *7 (D. Md. Mar. 25, 2013) *on reconsideration in part,* 953 F. Supp. 2d 612 (D. Md. 2013) ("A complainant need not allege or prove irreparable harm when it invokes a statute that authorizes injunctive relief.") (internal quotation and alteration omitted); *Edwards v. Emperor's Garden Rest.,* 122 Nev. 317, 325 (2006) (same).

The 9th COA has approved injunctions without a showing of irreparable harm when they are sought to prevent violations of federal statutes that specifically provide for injunctive relief. *See, e.g., United States v. Estate Pres. Servs.,* 202 F.3d 1093, 1098 (9th Cir. 2000); *United States v. Odessa Union Warehouse Co-op,* 833 F.2d 172, 175 (9th Cir. 1987); *Navel Orange Admin. Comm. v. Exeter Orange Co., Inc.,* 722 F.2d 449, 453 (9th Cir. 1983).

There is, however, some disagreement regarding whether a plaintiff must show a likelihood of future violations before a court may properly issue an injunction pursuant to §227(b)(3). In *Lynn*, the court granted an injunction based only on a showing of a violation of the statute, without considering the likelihood of future violations. *See* 2013 WL 1247815, at *7. ("47 U.S.C. § 227(b)(3) authorizes injunctive relief for a violation of the subsection. Further, [the plaintiff] has shown that [the defendant] violated that subsection's call charged provision, §227(b)(1)(A)(iii). Injunctive relief is therefore warranted.")

Other courts, however, have come to the opposite conclusion, and have either explicitly or implicitly taken into account whether a likelihood of future violations has been shown in determining whether to issue injunctive relief under § 227(b)(3). *See J2 Global*, 75 Fed. R. Serv. 3d at *8 (considering likelihood of future violations in deciding to issue injunction pursuant to § 227(b)(3)); *Minn. ex rel. Hatch v. Sunbelt Commc'ns & Mktg.*, 282 F. Supp. 2d 976, 980 (D. Minn. 2002) (same); *Hamilton v. Voxeo Corp.*,No. 07-CV-404, 2009 WL 1868541, at *2 (S.D. Ohio June 25, 2009) (same); *Edwards*, 122 Nev. at 325 (holding that even if the plaintiff has "shown that the statutory conditions have been met, [he still] must demonstrate a likelihood of future violations before an injunction will issue [under § 227(b)(3)]").

Plaintiff Shields has obtained numerous injunctions in state courts despite the fact that some of the defendants in those cases had either ceased doing business or swore they would not violate the TCPA in the future. See *Joe Shields v R&B Home Security Inc. et al*, No. 47,596, Galveston County Civil Court, April 2, 2001); *Joe Shields V. Bill Heard Chevrolet Inc et al*, No. 402116, Harris County Civil Court of Law No. 4, Harris County, Texas; *Joe Shields v. Kenneth Dale Hensley et al*, Cause No. 2001-32094, 280th District Court, Harris County; *Joe Shields v. Lone Star Utility Savers Inc.*, Cause No. 759,971, Civil Court of Law No 1, Harris County; *Shields v. Lee*, Cause No. 790350, County Civil Court at Law # 1, Harris County.

Plaintiff Shields was also awarded injunctive relief in this district albeit in a default judgment. See *Shields v. Vazquez et al.*, No.: 4:14-cv-00706, (USDC SD of Texas, Houston Division 7/28/2014).

Here the Defendant Weaver intentional attempted to circumvent the TCPA by making robocalls to cell phone voicemail. Defendant Weaver knew he was making robocalls. Dkt. 24 at 3. An injunction will prevent Defendant Weaver from attempting to exploit a future imaginary loophole in the TCPA. As Plaintiff argued in his Memorandum in Support of the Motion for Summary Judgment, Dkt. 25 page 9, the only way to protect the Plaintiff from similar behavior in the future, no matter what telephone number he has or may

acquire is through an injunction. An injunction will keep Defendant Weaver from engaging in the same or **similar** (emphasis added) illegal behavior in the future. Consequently, the Magistrate Judge should have recommended granting injunctive relief.

STATE AND FEDERAL LAW DAMAGES

A comparison of the Texas Business & Commerce Code (TB&CC") §305 and the TCPA 47 U.S.C. §227 reveals notable differences that make recovery of damages equitable under both statutes. It is notable here that the TB&CC provides additional remedies over the TCPA in that it does not require two (2) calls before a private right of action exists for *any* violation of the TCPA, and also creates a private right of action for *any* of the rules and regulations adopted under it.

The Texas legislature enacted TB&CC §305 (originally TB&CC 35.47) in 1999 to make: "…certain persons liable for certain prohibited telephone communications." The Texas legislature like many other state legislatures believed Texas must "enable" the TCPA in Texas. It therefore created a new law which had its own private right of action for robocalls to cell phones, junk faxes and telemarketing calls. Under Texas H.B. 23, 76th Leg. (Tex. 1999) both a criminal penalty and a civil penalty was created for robocalls to cell phones without prior express consent.

"In 1999, the legislature amended the statute [Tex. Bus. & Comm. Code § 35.47] to provide a private right of action against

those who violate *section 35.47 itself **or** the TCPA.*" *Omnibus Int'l, Inc. v. AT&T, Inc.* 111 S.W. 3d 818 (Tex. App. – Dallas 2003, pet. dism'd by agrmnt).

The major difference between the TCPA and TB&CC §305 (the TB&CC being more restrictive) is the requirement under Texas law that the robocall be **received** (emphasis added) by a called party. Under the TCPA it is the making (emphasis added) of the robocall that is a violation of the TCPA whereas under TB&CC it is the receipt of the robocall that is a violation of the TB&CC. Further, the TB&CC in contrast to the TCPA does not contain a "…more than one call…" limitation. The TB&CC does not require two (2) calls before a private right of action exists for a violation of 227(c) and creates a private right of action for **any** of the rules and regulations implemented under it which the TCPA private right of action does not. The TB&CC has a statute of limitations of 2 years (state law) whereas the TCPA has a 4 year statute of limitations (federal law). The TCPA awards **up to** $500.00 for illegal telemarketing calls whereas the TB&CC awards a flat $500.00 for illegal telemarketing calls.

The TB&CC private right of action also includes a private right of action for receipt of a robocall made for the purpose of making a sale and for which the called party is charged for the specific call. TB&CC §305.001. (See also *Bill Analysis* - 04/21/1999 which also states: "Consumers could bring civil causes of action

for violations **of either the state or federal law...**" The Texas legislature did not limit recovery of damages to only one of either statutes.

Maryland district courts have awarded damages under both the TCPA and state TCPA "enabling" statute. In the Maryland Court of Special Appeals the court referred to the Maryland TCPA ("MTCPA") as a "similar, but distinct" statute from the TCPA. *Worsham v. Fairfield*, 981 A.2d 24, 33 (Md. Ct. Spec. App. 2009). The District court in Maryland held "Significantly, a comparison of the statutes reveals notable differences that support the view that an MTCPA claim may be asserted separately." *Boger v. Trinity Heating & Air Inc.*, No.: 8:17-cv-01729, (DC Maryland 04/18/2018). It should be noted here that the Maryland court was deciding a Motion to Dismiss and left open for further briefing in its Memorandum Opinion the issue of attorney fess under MTCPA.

Similarly, Ohio courts have awarded damages under the TCPA and Ohio Consumer Sales Practices Act ("OCSPA"). "...Ohio courts have found that these violations of the TCPA are unfair or deceptive practices under the OCSPA. See Charvat v. NMP LLC, No.: 10-3390 (US COA 6th, 8/30/2011) citing *See Charvat v. Cont'l Mortg. Servs., Inc.*, No. 99CVH12-10225, 2002 WL 1270183, at *5 (Ohio Ct. C.P. June 1, 2000).

Utah has a similar law "A person may not make or authorize a telephone solicitation in violation of Title 47 U.S.C. §227." Utah

Code section 13-25a-103(4). In a challenge to Utah's law, the Utah Supreme Court held: "That the TCPA creates a uniform nationwide minimum set of prohibited telemarketing activities does not mean that Utah's heightened standard for companies wishing to make phone calls *to this state* conflicts with the federal scheme." *Flagship Capital*, 2005 UT 76, ¶ 22, 125 P.3d 894 (Utah 2005).

Most importantly, the Texas Supreme Court seems to agree with this principle: "Congress clearly did not intend the TCPA to establish a ceiling if states decided to be more aggressive in their approach." *Chair King, Inc. v. GTE Mobilnet of Houston, Inc.*, 184 S.W.3d 707, 718 (Tex. 2006). See also: *Texas v. American Blastfax Inc.*, 121 F.Supp.2d 1085, 1089 (W.D. Tex. 2000) (although the calls were intrastate in nature, the Court reminded the defendants they had to comply with **both** the TCPA and Texas state law).

If a single automatically dialed call or prerecorded message call is initiated to a cell phone number without the prior express consent of the called party or an emergency purpose, then such a single call is an actionable violation of the TCPA **and seperately** an actionable violation of TB&CC §305. In other words under the TB&CC §305 a consumer has a private right of action for the failure to provide telemarketer identification requirements 47 CFR 64.1200(d)(4) which under the TCPA is a technical violation and not actionable. The same applies with a failure to provide on demand a

copy of a do not call policy 47 CFR 64.1200(d)(1). "...and another award for violation of Section 64.1200(d)(1), Title 47, C.F.R., failure to have a written policy, available upon demand, for maintaining a "Do Not Call list." *Charvat v. Ryan*, 168 Ohio App. 3d 78.

## CONCLUSION

Consequently, the Magistrate Judge should have recommended granting damages for the robocall violations of the TCPA and separately the TB&CC, the telemarketing call violations of the TCPA and separately the TB&CC. The Magistrate Judge should have also awarded treble damages for each violation. Therefore, Plaintiff respectfully requests that the Court's Memorandum and Recommendation be adopted with modifications by granting damages for the robocall violations of the TCPA and separately the TB&CC, the telemarketing violations of the TCPA and separately the TB&CC, treble damages and injunctive relief.

Respectfully submitted,

*Joe Shields*

Joe Shields
Plaintiff Pro Per
16822 Stardale Lane
Friendswood, Texas 77546
Home: 281-482-7603

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE SHIELDS | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CIVIL ACTION No. 3:18-CV-00150 |
| | ) |
| GAWK INC., SCOTT KETTLE INDIVIDUALLY AND KENNEDY WEAVER INDIVIDUALLY | ) |
| | ) |
| Defendants | ) |

CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the Plaintiff's Objection to the Memorandum and Recommendation of the Magistrate Judge was served on the Defendants Kennedy Weaver on May 6th, 2019 via 1st class mail and certified mail return receipt requested to the address on file with the Court for Defendant Kennedy Weaver.

Respectfully,

*/s/ Joe Shields*

Joe Shields
Plaintiff pro se
16822 Stardale Lane
Friendswood, Texas 77546
Phone: 281-482-7603